IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOBBY THOMAS, on behalf of himself and those similarly situated,<br>224 Mercer Street<br>Trenton, NJ 08611<br><br>        Plaintiff,<br><br>    v.<br><br>J & D TRANSPORTATION,<br>4239 State Route 33<br>Tinton Falls, NJ 07753<br><br>        and<br><br>JOHN DOES 1-10,<br>c/o J & D TRANSPORTATION<br>4239 State Route 33<br>Tinton Falls, NJ 07753<br><br>        Defendants. | INDIVIDUAL AND COLLECTIVE ACTION FOR UNPAID MINIMUM WAGES OVERTIME UNDER FLSA<br><br>INDIVIDUAL AND CLASS ACTION FOR UNLAWFULLY DEDUCTED WAGES UNDER THE NEW JERSEY WAGE PAYMENT LAW<br><br>No.<br><br>**JURY TRIAL DEMANDED** |

**INDIVIDUAL, COLLECTIVE, AND CLASS ACTION CIVIL COMPLAINT**

Named Plaintiff Bobby Thomas (hereinafter referred to as "Named Plaintiff"), individually and on behalf those similarly situated, by and through undersigned counsel, hereby complains as follows against Defendants J & D Transportation and John Does 1-10 (hereinafter collectively referred to as "Defendants").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendants' violations of the Fair Labor Standards Act ("FLSA") and the New Jersey Wage Payment Law ("NJWPL"). Named Plaintiff asserts that Defendants failed to pay Named Plaintiff and those similarly situated overtime compensation and the minimum wage in violation of the FLSA. Named

1

Plaintiff also asserts that Defendants unlawfully withheld wages for hours worked from him and those similarly situated in violation of the NJWPL. As a result of the aforesaid unlawful actions, Named Plaintiff and similarly situated employees have suffered harm.

## JURISDICTION AND VENUE

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA, 29 U.S.C. § 201 *et seq*.

4. This Court may properly maintain personal jurisdiction over Defendants, because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendants reside in and/or conduct business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual with an address as set forth above.

8. Defendant J & D Transportation (hereinafter "Defendant J & D") is an entity operating a medical transportation company at an address as set forth above.

9. Defendants John Doe 1 through John Doe 5 are presently unknown persons who, directly or indirectly, directed, aided, abetted, and/or assisted with creating and/or executing the

policies and practices of Defendant J & D that resulted in Defendants failing to pay Named Plaintiff and those similarly situated proper compensation pursuant to the FLSA.

10. Defendants John Doe 6 through John Doe 10 are presently unknown persons who had control over processing payroll regarding Named Plaintiff and those similarly situated.

11. At all times relevant herein, Defendants acted by and though their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

12. Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons presently and formerly employed by Defendants as drivers and/or in other positions subject to Defendants' unlawful pay practices and policies described herein and who worked for Defendants at any point in the three years preceding the date the instant action was initiated (the members of this putative class are collectively referred to as "FLSA Class Plaintiffs").

13. Named Plaintiff and FLSA Class Plaintiffs are similarly situated, have substantially similar job duties, have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices as described herein.

14. There are numerous similarly situated current and former employees of Defendants who were compensated improperly for overtime work in violation of the FLSA and who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

15. Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records.

16. Therefore, Named Plaintiff should be permitted to bring this action as a collective action for and on behalf of himself and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Named Plaintiff brings his claim for relief to redress Defendants' violations of the NJWPL on behalf of himself and those similarly situated.

19. Specifically, Named Plaintiff seeks to represent a class of all individuals who worked or work for Defendants as drivers in New Jersey and who were subject to the unlawful time deduction policies of Defendants, as discussed infra, in New Jersey at any time during time period from six (6) years prior to the date of the filing of this complaint through the present (the members of this putative class are referred to as "NJWPL Class Plaintiffs").

20. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is at least 40.

21. Named Plaintiff's claims are typical of the claims of NJWPL Class Plaintiffs, because Named Plaintiff, like all NJWPL Class Plaintiffs, was an employee of Defendants in New Jersey within the last six (6) years from whom Defendants unlawfully deducted pay.

22. Named Plaintiff will fairly and adequately protect the interests of NJWPL Class Plaintiffs because Named Plaintiff's interests are coincident with, and not antagonistic to, those

of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

23. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendants' records.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants. Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

25. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are whether Defendants unlawfully deducted time from Named Plaintiff's and NJWPL Class Plaintiffs' wages.

## **FACTUAL BACKGROUND**

26. The foregoing paragraphs are incorporated herein as if set forth in full.

27. From in or around 2013 to in or around May 2014, Named Plaintiff worked for Defendants as a driver.

28. As a driver, Named Plaintiff provided prearranged transportation to medical patients.

29. FLSA and NJWPL Class Plaintiffs (hereinafter FLSA and NJWPL Class Plaintiffs are collectively referred to as "Class Plaintiffs") work/worked for Defendants as drivers.

30. As drivers, Class Plaintiffs provide/provided prearranged transportation to medical patients.

31. Defendants paid Named Plaintiff an hourly wage of $9.00 per hour during his employment.

32. Defendants pay/paid Class Plaintiffs an hourly wage during their employment.

### Defendants' Failure to Pay Overtime Wages
### (Named Plaintiff and FLSA Class Plaintiffs v. Defendants)

33. The foregoing paragraphs are incorporated herein as if set forth in full.

34. At no time did Named Plaintiff have the authority to hire or fire any employees of Defendants.

35. At no time did Named Plaintiff supervise any employees of Defendants.

36. At no time did Named Plaintiff exercise discretion or independent judgment over matters of significance on behalf of Defendants.

37. As part of his duties, Named Plaintiff drove vehicles that transported less than 9 passengers, including the driver, and weighed less than 10,000 pounds.

38. Accordingly, Named Plaintiff was, within the meaning of the FLSA, a non-exempt employee of Defendants.

39. FLSA Class Plaintiffs did/do not have the authority to hire or fire any employees of Defendants.

40. FLSA Class Plaintiffs did/do not supervise any employees of Defendants.

41. FLSA Class Plaintiffs did/do not exercise discretion or independent judgment over matters of significance on behalf of Defendants.

42. As part of their duties, FLSA Class Plaintiffs drive/drove vehicles that transport/transported less than 9 passengers including FLSA Class Plaintiffs and weigh/weighed less than 10,000 pounds.

43. Accordingly, FLSA Class Plaintiffs are/were, within the meaning of the FLSA, non-exempt hourly employees of Defendants.

44. Named Plaintiff regularly worked more than 40 hours per workweek.

45. However, Defendants never paid Named Plaintiff any additional compensation for hours worked in excess of 40 hours in a workweek.

46. Accordingly, Defendants failed to pay Named Plaintiff at the rate of at least 1.5 times his regular rate of pay for each hour that he worked in excess of 40 hours in a workweek.

47. FLSA Class Plaintiffs regularly work/worked more than 40 hours per workweek.

48. However, Defendants never pay/paid FLSA Class Plaintiffs any additional compensation for hours worked in excess of 40 hours in a workweek.

49. Accordingly, Defendants fail/failed to pay FLSA Class Plaintiffs at the rate of at least 1.5 times their regular rate of pay for each hour that they worked in excess of 40 hours in a workweek.

50. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and FLSA Class Plaintiffs have suffered damages.

**Defendants' Failure to Pay Minimum Wage and Unlawful Withholding of Wages**
**(Named Plaintiff and FLSA and NJWPL Class Plaintiffs v. Defendants)**

51. The foregoing paragraphs are incorporated herein as if set forth in full.

52. Each workday, Defendants automatically deducted 30 minutes for a meal break from Named Plaintiff's wages.

53. However, Named Plaintiff rarely, if ever, was able to take a 30-minute, uninterrupted meal break.

54. Defendants knew that Named Plaintiff was not able to take his meal breaks but still withheld 30 minutes' worth of wages from him.

55. Furthermore, Defendants deducted all time that Named Plaintiff spent driving without a customer (i.e. time spent driving to pick up the next customer after completing a trip) from his wages.

56. Defendants' unlawful withholding of wages resulted in Defendants failure to pay Named Plaintiff at least the minimum wage ($7.25 per hour) for all hours worked during a workweek.

57. Each workday, Defendants automatically deduct/deducted 30 minutes for meal breaks from FLSA and NJWPL Class Plaintiffs' wages.

58. However, FLSA and NJWPL Class Plaintiffs rarely, if ever, are/were able to take 30-minute, uninterrupted meal breaks.

59. Defendants know/knew that FLSA and NJWPL Class Plaintiffs are/were not able to take meal breaks but still withhold/withheld 30 minutes' worth of wages from them.

60. Furthermore, Defendants deduct/deducted all time that FLSA and NJWPL Class Plaintiffs spend/spent driving without a customer (i.e. time spent driving to pick up the next customer after completing a trip) from their wages.

61. Defendants' unlawful withholding of wages resulted in Defendants failure to pay FLSA Plaintiffs at least the minimum wage ($7.25 per hour) for all hours worked during a workweek.

62. As a result of Defendants' aforesaid illegal actions, Named Plaintiff and FLSA and NJWPL Class Plaintiffs have suffered damages.

**COUNT I**
**Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Compensation)**
**(Named Plaintiff and FLSA Class Plaintiffs v. Defendants)**

63. The foregoing paragraphs are incorporated herein as if set forth in full.

64. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of the FLSA.

65. At all times relevant herein, Defendants were/are responsible for paying wages to Named Plaintiff and FLSA Class Plaintiffs.

66. At all times relevant herein, Named Plaintiff and FLSA Class Plaintiffs were/are employed with Defendants as "employees" within the meaning of the FLSA.

67. Under the FLSA, an employer must pay an employee at least one and one half times his or her regular rate of pay for each hour worked in excess of 40 hours per workweek.

68. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and FLSA Class Plaintiffs overtime compensation for hours worked over 40 per workweek, and failing to implement a system to track the number of hours worked each workweek by Named Plaintiff and FLSA Class Plaintiffs.

69. Defendants' conduct in failing to pay Named Plaintiff and FLSA Class Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

70. As a result of Defendants' unlawful conduct, Named Plaintiff and FLSA Class Plaintiffs have suffered damages as set forth herein.

## COUNT II
### Fair Labor Standards Act ("FLSA")
### (Failure to Pay Minimum Wage)
### (Named Plaintiff and FLSA Class Plaintiffs v. Defendants)

71. The foregoing paragraphs are incorporated herein as if set forth in full.

72. Under the FLSA, an employer must pay an employee at least the minimum wage ($7.25 per hour) for each hour worked during a workweek.

73. Defendants' violations of the FLSA include, but are not limited to, failing to pay Named Plaintiff and FLSA Class Plaintiffs the minimum wage for all hours worked.

74. Defendants' conduct in failing to pay Named Plaintiff and FLSA Class Plaintiffs properly was/is willful and was/is not based upon any reasonable interpretation of the law.

75. As a result of Defendants' unlawful conduct, Named Plaintiff and FLSA Class Plaintiffs have suffered damages as set forth herein.

## COUNT III
### Violations of New Jersey Wage Laws
### (Unlawful Withholding of Wages)
### (Named Plaintiff and NJWPL Class Plaintiffs v. Defendants)

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. At all times relevant herein, Defendants have and continue to be "employers" within the meaning of NJWPL.

78. At all times relevant herein, Defendants were responsible for paying wages to Named Plaintiff and NJWPL Class Plaintiffs.

79. At all times relevant herein, Named Plaintiff and NJWPL Class Plaintiffs are/were employed with Defendants as "employees" within the meaning of the NJWPL.

80. Under the NJWPL, Defendants may not withhold from an employee's wages unless doing so is provided by law or for the convenience of the employee.

81. Defendants' violations of NJWPL include, but are not limited to, unlawfully withholding wages for hours worked from Named Plaintiff's and NJWPL Class Plaintiffs.

82. Defendants' conduct in failing to pay Named Plaintiff and Class Plaintiffs properly is/was willful and is/was not based upon any reasonable interpretation of the law.

**WHEREFORE**, Named Plaintiff and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendants are to be prohibited from continuing to maintain their illegal policy, practice, or customs in violation of the FLSA;

(2) Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions, including but not limited to past lost earnings.

(3) Named Plaintiff and FLSA Class Plaintiffs are to be awarded, pursuant to the FLSA, liquidated damages in an amount equal to the actual damages in this case;

(4) Named Plaintiff and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law.

(5) Named Plaintiff and Class Plaintiffs are to be awarded all other relief this Court deems just and proper.

Respectfully Submitted,

*/s Matthew D. Miller*
Matthew D. Miller, Esq.
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.

**SWARTZ SWIDLER, LLC**
1101 Kings Highway N., Ste. 402
Cherry Hill, NJ 08034
Phone: (856) 685-7420
Fax: (856) 685-7417

Date: April 10, 2017

## **DEMAND TO PRESERVE EVIDENCE**

All Defendants are hereby directed to preserve all physical and electronic information pertaining in any way to Named Plaintiff's and Class Plaintiff's employment, to Named Plaintiff's and Class Plaintiffs' cause of action and/or prayers for relief, and to any defenses to same, including, but not limited to, electronic data storage, closed circuit TV footage, digital images, computer images, cache memory, searchable data, computer databases, emails, spread sheets, employment files, memos, text messages, any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, MySpace, etc.), and any other information and/or data and/or things and/or documents which may be relevant to any claim or defense in this litigation.