UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BOBBY THOMAS,<br><br>*Plaintiff,*<br><br>v.<br><br>J & D TRANSPORTATION, et al,<br><br>*Defendant.* | Civil Action No.: 17-cv-02434 (PGS)(DEA)<br><br>MEMORANDUM AND ORDER |

SHERIDAN, U.S.D.J.

This is a motion for Conditional Class Certification. (ECF No. 15). Named Plaintiff and former J & D Transportation's employee, Bobby Thomas, seeks to bring this action as a collective action under the Fair Labor Standard Act (FLSA). Plaintiff now requests that this Court conditionally certify the class and authorize Court-supervised notice to similarly-situated employees. Defendant J&D Transportation (hereinafter J&D) is an entity operating a medical transportation company. (Complaint, ECF No. 1, ¶8).

I.

From 2013 to around May 2014, Thomas worked for Defendant J&D as a driver, providing prearranged transportation to medical patients. (Id. ¶27-28). Plaintiff drove a vehicle provided by Defendant. (Def. SOF ¶3). Defendant paid Thomas an hourly wage of $9.00 per hour during his employment. (Compl.¶30). Thomas drove vehicles that transported less than nine passengers, including the driver, and weighted less than 10,000 pounds. (Id. ¶37). He was not a supervisor. (Id. ¶35). Accordingly, Plaintiff was an exempt employee within the meaning of the FLSA.

1

Plaintiff argues that the above-mentioned characteristic would apply to all similarly situated individuals in the proposed class. Generally, Plaintiff alleges that there are many similarly situated individuals, with substantially similar job duties, that have substantially similar pay provisions, and are all subject to Defendants' unlawful policies and practices. (Compl. ¶14).

Plaintiff filed a Complaint against Defendant on April 10, 2017, alleging the following Counts: Count I, failure to pay overtime compensation in violation of the FLSA; Count II, failure to pay minimum wage in violation of the FLSA; and Count III, unlawful withholding of wages in violation of New Jersey Wage Laws.[1] Plaintiff filed its motion to certify the proposed class on a conditional basis on March 23, 2018. Defendant opposed the motion.

a. *Failure to pay overtime wage*

Plaintiff avers that he worked more than 40 hours per workweek; and that Defendant failed to pay additional compensation for overtime hours worked for him and for the proposed class. (Id. ¶48). Specifically, Defendant should have paid at least the rate of 1.5 times the regular rate for each hour that they worked in excess of 40 hours in a workweek. (Id. ¶49).

b. *Failure to pay minimum Wage and Unlawful withholding of wages.*

Plaintiff alleges that each workday, Defendant automatically deducted 30 minutes for a meal break from his wages. (Id. ¶52). However, Plaintiff argues that he was rarely, if ever, able to take a 30-minure uninterrupted meal break. (Id. ¶53). Defendant was allegedly aware of this. (Id. ¶54). Defendant also deducted all time that Plaintiff spent driving without a customer occupying the vehicle (i.e. time spent driving to pick up the next customer after completing a prior assignment) from his wages. (Id. ¶55). Plaintiff alleges that unlawful withholding of wages

---

[1] The allegations are raised as to Plaintiff as well as the proposed class.

resulted in Defendant's failure to pay Plaintiff a minimum of $7.25 per hour for all hours worked during a workweek. (Id. ¶56).

*The Proposed Class and Disputed facts*

Plaintiff submits that 53[2] Class Members "are/were subjected to the same wage policies as Plaintiff." (Pl. Br. Ex G. no. 4 (Interrogatories), ECF 15-11). Defendant argues that the drivers were provided schedules ahead of time, controlled their own time clock and were clearly advised to report all hours worked. (Def. SOF ¶8).

According to Plaintiff, the driver manifest (attached as exhibit E to his motion) provides the following information for each trip assignment: 1) the client's name, 2) the client's address, 3) the pick-up time, 4) the drop-off time, and 5) the address of the client's destination. This manifest was distributed to Plaintiff and the proposed class members the day before each workday (except Monday) typically after 5:00 p.m. (see Ex. B to Pl. Br.) Plaintiff points out that the driver manifests did, and do not, inform Plaintiff and the proposed class members that they would be provided with non-compensable break during the workday. (Ex. E to Pl. Br.)

It is Defendant's position that the driver manifests properly advised Plaintiff and putative class members when they would have breaks in their schedule which could be planned for. (Def. SOF ¶10). Further, Defendant determined and still determines Plaintiff's and proposed class members work hours after the workday is complete by examining the time entries recorded on the driver manifests submitted by Plaintiff and the proposed class members. (See Pl. Ex. D). According to Plaintiff, if there was a period of time between a drop-off and pick time entered on the driver manifest that Defendant determined was sufficiently long enough, Defendant

---

[2] The number of employees during relevant time is not disputed by Defendant, who acknowledges "during the time period named by the Plaintiff, Defendant employed 53 individuals as Drivers in addition to the Plaintiff." (Def. Counter-statement of undisputed facts, ECF No. 16, ¶7.)

3

determined that the period of time was a non-compensable break. If multiple periods of time during the same workday met Defendant's requirement to be considered non-compensable breaks, then Defendant would deduct each period as a non- compensable break. (Pl. SOF, ECF No. 15, 15-16).

Defendant explained this procedure as follows: "Defendant examined the Plaintiff's work hours after the workday was complete for the purpose of adding additional time where necessary and verifying the number of hours worked. No time was deducted during this review." (Def. SOF 11-12, Pl. Ex. D).

Nevertheless, facts regarding the review process go to the merits of the claim and are not relevant to the proposed certification of class.

## II.

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 133 S. Ct. 1523, 1527, 185 L. Ed. 2d 636 (2013). Section 216(b) of the FLSA grants employees the right to bring suit on behalf of "themselves and other employees similarly situated." 29 U.S.C. § 216(b); *see Genesis Healthcare Corp.*, 133 S. Ct. at 1527. This type of FLSA suit, not to be confused with a class action under Federal Rule of Civil Procedure 23, is known as a "collective action." "A collective action allows . . . plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S. Ct. 482, 107 L. Ed. 2d 480 (1989). To become parties to a FLSA collective action, employees must affirmatively opt-in by filing written consents with the court. *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242-43 (3d Cir. 2013) (citing 29 U.S.C. § 216(b)). This feature distinguishes the collective-action mechanism under Section 216(b) from the class-action mechanism under

Rule 23, where, once the class is certified, those not wishing to be included in the class must affirmatively opt-out. *Id.* at 243.

Courts approach collective action certification under the FLSA by engaging in a two-step process. *Camesi*, 729 F.3d at 243. The first step is deciding whether to grant "conditional certification"—the type of certification at issue here. *Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 192 (3d Cir. 2011), *rev'd on other grounds*, 569 U.S. 66, 133 S. Ct. 1523, 185 L. Ed. 2d 636 (2013). Applying a "fairly lenient standard," courts make a preliminary determination as to whether the named plaintiffs have made a "modest factual showing" that the employees identified in their complaint are "similarly situated." *Zavala v. Wal-Mart Stores, Inc.*, 691 F.3d 527, 536 & n.4 (3d Cir. 2012). "Under the modest factual showing standard, a plaintiff must produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner in which it affected other employees." *Symczyk*, 656 F.3d at 193. "Being similarly situated" means that members of a collective action are "subjected to some common employer practice that, if proved, would help demonstrate a violation of the FLSA." *Zavala*, 691 F.3d at 538.

The second step is deciding whether to grant final certification. *Symczyk*, 656 F.3d at 192. During this step, the plaintiffs must satisfy a preponderance of the evidence standard. *Zavala*, 691 F.3d at 537. In other words, the plaintiffs will have to show that it is "more likely than not" that "plaintiffs who have opted in are in fact similarly situated to the named plaintiffs." *Id.*

III.

In line with the above-mentioned standard the Court provides the first step of the analysis at this time.

Plaintiff avers that the burden of proof is minimal at this stage. It is only after discovery that the court will be able to make a conclusive determination as to whether each plaintiff who has opted into the collective action is in fact similarly situated. Plaintiff also notes that the Court should not be concerned with the merits of the claims at this stage. Defendant argues that Plaintiff has failed to meet the burden of proof, however lenient it may be at this stage. According to Defendant, extensive factual discovery has taken place over the course of almost a year, yet no sufficient proof has been provided. (Def. Br. pg. 6). Defendant argues that the evidence provided by Plaintiff in support of his application contradicts it rather than supports it. Defendant also opposes certification of the class because a notice requirement will increase the cost of litigation for Defendant.

In requesting a preliminary class certification such as this one, Plaintiff cannot rely solely on the allegations contained in the Complaint. Rather affidavits and other supporting documents are required to meet Plaintiff's burden. *Steinberg v. T.D. Bank, N.A.,* 2012 U.S. District LEXIS 89086, 15 (D.N.J. June 27, 2012).

Below is a list of all exhibits filed by Plaintiff in support of his motion:

Exhibit A: Complaint (alone, insufficient to support Plaintiff's request)

Exhibit B: Transcripts of the Testimony of Kevin Sheehan (Dec. 28, 2017). The transcripts provide information regarding the vehicles driven by the Plaintiff and the proposed class members; that Defendant paid/pays the employees an hourly wage and no other form of compensation; that the Plaintiff and class members were classified as non-exempt employees under FLSA; that they were provided with a driver manifest daily; and that Defendant determined and reviewed Plaintiff and class members work hours (including non-compensable breaks after the workday ended by examining the time entries recorded on the driver manifests).

Exhibit C:    A list of class members, which is an employee list.

Exhibit D:    J&D Transportation hourly driver explanations and definitions, discussing the breaks and compensation policy regarding breaks.

Exhibit E:    Bobby Thomas' Driver Manifest

Exhibit F:    Bobby Thomas's Declaration

Exhibit G:    Plaintiff's First Set of Interrogatories and Defendant's responses. Plaintiff points to request/response no. 4:

> Identify the number of individuals that Defendant employees as Drivers during the Relevant Time Period, who are/were subjected to the same wage policies as Plaintiff.
>
> RESPONSE: Please see attached employee list. The Defendant reserved the right to amend this answer up to and until the time of trial pending further investigation and discovery.

It is unclear whether the employee list mentioned is the same that was submitted as Ex. C.

Exhibit H:    Bobby Thomas' Time Card

Exhibit I:    Pottinger, Loxle's Time Card showing Over-time hours

Exhibit J:    Scott, Terrence's Time Card showing Over-time hours

Exhibit K:    Layton, Marzella's Time Card showing Over-time hours

Exhibit L:    Notification to Potential Class Members

Exhibit M:    Consent to Join Lawsuit

Through all these exhibits, Plaintiff has provided ample support for his claim that employees of Defendant met the requirements of the proposed class.

The Court does not review the appropriateness of the notice proposed by Plaintiff at this time. However, parties are instructed to confer with regards to any amendment that might be necessary.

ORDER

This matter, having been brought before the Court by Plaintiff's motion for Conditional Class Certification (ECF 15), and the Court having considered the briefs and submissions of the parties and having heard oral argument;

IT IS on this 13th day of August, 2018;

**ORDERED** that Plaintiff's motion for Conditional Class Certification (ECF No. 15) is GRANTED; It is further,

ORDERED that Plaintiff shall confer with his adversary and draft a proposed notice form identifying areas of agreement and issues in dispute within 21 days from the date of this Order.

_____
Peter G. Sheridan, U.S.D.J.